UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

TYRIN TORRES

                                                      Plaintiff,

        -against-

THE CITY OF NEW YORK, UNDERCOVER OFFICER
BADGE NUMBER 5747, POLICE OFFICER ORIN COX,
JOHN DOES 1-4.

                                                    Defendants.
------------------------------------------------------------------------ x

**ECF CASE**

**COMPLAINT**

09 CV 7030

<u>Jury Trial Demanded</u>

## PRELIMINARY STATEMENT

1. This is an action for money damages brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983 for the Defendants' commissions of acts under color of law in violation of the Plaintiff's rights under Fourth, Sixth, and Fourteenth to the United States Constitution and Article I, Section 12 of the New York State Constitution and of common law of the State of New York. The case arises from an September 7, 2007 incident in which members of the New York City Police Department ("NYPD") subjected plaintiff to false arrest, excessive force, an illegal strip search, malicious prosecution, assault, battery, negligence and fabricated evidence.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

4. Plaintiff is a resident of the State of New York.

5. The City of New York is a municipal corporation organized under the laws of the State of New York.

6. Undercover Officer Badge Number 5747 ("Officer 5747"), Police Officer Orin Cox, and John Does 1-4 (collectively the "officers") are members of the NYPD who were involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest. The Officers are liable for directly participating in the acts described herein and for failing to intervene to protect plaintiff from the illegal conduct of their fellow officers and subordinates.

## STATEMENT OF FACTS

7. On September 7, 2007, at approximately 5:45 p.m. in the vicinity of West 35th Street and Neptune Ave, in Brooklyn, New York, approximately five of the Officers arrested plaintiff without cause and charged them him with sale and possession of a controlled substance.

8. Subsequent to the seizure, one of the Officers subjected plaintiff to excessive force by handcuffing plaintiff unreasonably tight causing marks on plaintiff's wrists and interfering with plaintiff's circulation, and throwing plaintiff to the ground.

9. After being placed under arrest, plaintiff was placed in a police van and driven around for approximately thirty minutes. Plaintiff was then taken to the 60th Precinct.

10. At the precinct, one of the Officers strip searched Plaintiff, demanding that he squat and cough while naked.

11. Plaintiff was later taken to Central Booking for further arrest processing and to await arraignment.

12. During this period, an Officer or Officers met with an Assistant District Attorney and misrepresented that plaintiff had sold and possessed drugs.

13. Around 8:00 P.M. on September 8, 2007, plaintiff was arraigned in Criminal Court, Kings County and released.

14. After numerous court appearances, all charges against plaintiff were dismissed.

15. As a result of defendants' actions, plaintiff experienced pain and physical injuries to his wrists, face, and body, emotional distress, fear, embarrassment, humiliation, discomfort, loss of liberty, loss of income, and damage to reputation.

**FEDERAL CLAIMS AGAINST OFFICER 5747, OFFICER ORIN COX AND POLICE OFFICERS JOHN DOES 1-4**

16. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-15 as if fully set forth herein.

17. The conduct of the Officers as described herein, amounted to false arrest, excessive force, an illegal strip search, fabricated evidence, and malicious prosecution. This conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

## FEDERAL CLAIM AGAINST THE CITY OF NEW YORK

18. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-17 as if fully set forth herein.

19. The City of New York directly caused the constitutional violations suffered by plaintiff.

20. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that its police and correction officers, including the individual defendants, are unfit, ill-tempered officers who have the propensity to commit the acts alleged herein. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor its officers and improperly retained and utilized them. Moreover, the City of New York failed to adequately investigate prior complaints against its officers.

21. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

   c.  Costs, interest and attorney's fees;

   d.  Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.


DATED:  August 7, 2009
      New York, New York

                Robert Marinelli
                305 Broadway, 14th Floor
                New York, NY  10007
                (212) 822-1427


                _____
                ROBERT MARINELLI (RM-4242)